```
     D4QJMCMC                       Conference

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    L. LONDELL McMILLAN,

4                 Plaintiff,

5            v.                                13 Civ. 1095 ALC DF

6    BARCLAYS BANK LLC, et al.,

7                 Defendants.

8    ------------------------------x

9

10

11                                             April 26, 2013
                                               2:40 p.m.
12

13

14

15   Before:

16                  HON. ANDREW L. CARTER, JR.,

17                                             District Judge
```

APPEARANCES

MEISTER SEELIG & FEIN, LLP
     Attorneys for plaintiff
BY:  KEVIN A. FRITZ, Esq.
              Of counsel


BOIES SCHILLER & FLEXNER, LLP (DC)
     Attorneys for defendant Barclays Bank
BY:  ANDREW MICHAELSON, Esq.
     GARY R. STUDEN, Esq.
              Of counsel


KIRKLAND & ELLIS, LLP (NYC)
     Attorneys for defendant Davis
BY:  JOEL ALAN BLANCHETT, Esq.
              Of counsel


HUGHES HUBBARD & REED, LLP (NY)
     Attorneys for defendants Dicarmine & Sanders
BY:  CHRISTINE MARIE FITZGERALD, Esq.
     NED BASSEN, Esq.
              Of counsel


FRANKFURT KURNIT KLEIN & SELZ, PC
     Attorneys for defendant Canellas
BY:  CAREN LERNER, Esq.
              Of counsel

1               (In open court)

2               (Case called)

3               THE COURT:  Okay.  Good afternoon.

4               I've read the parties' submissions.  We're here for a

5     premotion conference.  I know the defendants wish to file a

6     motion -- well, the individual defendants want to file a motion

7     to dismiss the amended complaint, and counsel for Barclays

8     wants to file either a motion to stay the proceeding pending

9     determination by the court in England or, in the alternative, a

10    motion to dismiss in one of the earlier submissions by

11    plaintiff's counsel indicated a desire to ask the court to

12    refer the case to the bankruptcy court for the Southern

13    District of New York.

14              Let me just hear very briefly from plaintiff's counsel

15    as to why.  Again I am not going to make an ultimate

16    determination on any of these proposed motions that haven't

17    been filed yet.  Still your position, if you wish me to refer

18    this to the bankruptcy court, why that would be appropriate?

19              MR. FRITZ:  Your Honor, this action is obviously

20    related to the bankruptcy.  The standard is if it --

21              THE COURT:  You can remain seated.

22              MR. FRITZ:  -- concededly has any effect on the

23    administration of the estate that is the subject of the

24    bankruptcy, the matter should be referred.

25              Here the matter is certainly related to the bankruptcy

1   because the individual defendants have asserted claims in the
2   bankruptcy that they're entitled to indemnification, and the
3   insurer has accepted coverage.  There is also directors and
4   officers insurance.
5           I should also note, your Honor, that in another
6   lawsuit filed against three of the same individual defendants
7   in California, they first removed the state court action in
8   California to a bankruptcy court in California, and then they
9   asked for it to be transferred to the Southern District of New
10  York Bankruptcy Court, alleging that it was related to,
11  alleging they had rights to indemnification, alleging they had
12  directors and officers liability insurance.  Based on their
13  request, the court transferred the case to the bankruptcy
14  court.
15          They are, in my opinion, estopped from now coming to
16  you and taking a contrary position.  What is obviously going on
17  here, your Honor, is that they are, because Barclays filed
18  first in London, and they know that that court does not have
19  jurisdiction over individual defendants, they know we could not
20  compel certain witnesses to produce documents or testify,
21  they're trying to significantly prejudice my client's case by
22  having it heard in London when the individual defendants can't
23  be brought into that proceeding.
24          There is absolutely no reason, putting aside the
25  bankruptcy court issue, why this matter shouldn't be heard here

1   in New York.  The plaintiff lives here.  Barclays has an office
2   in Times Square.  Three of the four individual defendants live
3   in New York and the witnesses are here in New York.
4             THE COURT:  Thank you.  Again, I have looked at the
5   submissions, and you have attached a copy of that decision in
6   the California case.  That wasn't a situation in which the
7   district court in the Northern District of California removed
8   the case to the bankruptcy court or referred it to the
9   bankruptcy court.  The case that you attach was a decision from
10  the bankruptcy court in the Northern District of California,
11  simply transferring venue from the Northern District of
12  California to the Southern District of New York, and that court
13  specifically did not deal with the issues that I guess are
14  troubling me right now.
15            Before I make any decision about referring the matter
16  to the bankruptcy court or staying an action or possibly
17  dismissing an action, obviously I'm told that I have to first
18  deal with the matter of jurisdiction, whether I have
19  jurisdiction over this matter.
20            You have alleged that the court has jurisdiction,
21  subject matter jurisdiction under 28 U.S.C. 1334 because it is
22  related to a bankruptcy proceeding.  Then also in that chapter
23  there are certain provisions for discretionary abstention by
24  the court and there are also provisions for mandatory
25  abstention by the court.

1          I need to first deal with whether or not in the first
2    instance I have jurisdiction, and if I do have jurisdiction,
3    whether or not I am required to abstain or permitted to
4    abstain.  If I am required to abstain, obviously I must
5    abstain.  If I am permitted to abstain, I have to figure out
6    whether or not it makes sense to abstain.
7          If your goal is automatically to have me refer this to
8    the bankruptcy court in the Southern District of New York,
9    obviously I must first have jurisdiction and be able to retain
10   jurisdiction.  The other thing that I guess troubles me is
11   after the Supreme Court's decision in Stern v. Marshal, since
12   this is not something arising in a bankruptcy proceeding, but
13   related to a bankruptcy proceeding, if I have jurisdiction and
14   if I am not required to abstain from hearing this matter or
15   permitted to abstain from hearing this matter, if it is
16   referred to the bankruptcy court, would the bankruptcy court
17   have the power to ultimately render a final decision on this
18   because it does not arise in bankruptcy?
19         And those are the matters that the Northern District
20   of California bankruptcy judge specifically did not deal with,
21   basically punted to the bankruptcy court of the Southern
22   District of New York.  What is your position on those matters?
23         MR. FRITZ:  I would note you're obviously correct, the
24   state court action was removed to the bankruptcy court in
25   California and then transferred to the Southern District

1  Bankruptcy Court, but what you should note is that the reason
2  why it was moved from the state court action to the bankruptcy
3  in California is because the individual defendants did that.
4  So they obviously didn't move it from the state court action to
5  the bankruptcy action, to the bankruptcy court in California to
6  have it sit there.  They did it because that step was necessary
7  to then transfer it to the bankruptcy court.
8          I am a little confused why they are disputing that the
9  bankruptcy court is the proper venue, and I should note that in
10 that proceeding that was transferred to the Southern District
11 Bankruptcy Court, they haven't asked for it to be removed or
12 remanded to this Court.
13         THE COURT:  That is fine.  They can ask for whatever
14 they want to ask for.  You can ask for whatever you want to ask
15 for.  The parties cannot give me subject matter jurisdiction
16 over a matter over which I don't have jurisdiction by consent.
17         The parties can consent to personal jurisdiction, but
18 they can't by their consent bestow upon the court subject
19 matter jurisdiction if the court does not have subject matter
20 jurisdiction, nor can the parties by their consent prevent the
21 court from abstaining if the court is required to abstain from
22 exercising that jurisdiction, but thank you.
23         Let me hear from the defendants on this because it
24 seems to me again there are several motions being bandied
25 about, or it seems as a preliminary matter I need to first deal

1   with the issue whether or not I have jurisdiction, whether or
2   not I am required to abstain or are permitted to abstain.  It
3   may make sense to deal with those issues first.  Let me hear
4   from the defendants on any of this.
5           MR. BASSEN:  Ned Bessen from Hughes Hubbard & Reed.
6           We represented the defendants in the Bunso case you
7   are talking about in California, so I am quite familiar with
8   it.  That is very different from the case here.  The case there
9   was by a former partner of the law firm who was suing with
10  respect to his joining the law firm as a partner.
11          The law firm is in bankruptcy, so it was all tied up,
12  was really a derivative claim against the law firm.  Here in
13  terms of subject matter jurisdiction, what we're talking about
14  is very simple.  It is a loan, it is a loan between the
15  plaintiff, the loan that the plaintiff got from Barclays.
16          That is the dispute.  That has nothing to do with the
17  law firm bankruptcy other than the fact that the reason he got
18  the loan was he had to pay in his capital to the law firm, and
19  he did it by getting a loan.
20          Now, one thing I would like to point out that I think
21  is very important, originally when this case was filed, it was
22  only filed by the plaintiff against Barclays, not the
23  individual defendants.  If you look at the original complaint
24  and you compare it to this amended complaint we have here, the
25  factual allegations are identical.  There has been no change at

1    all.  So how can the plaintiff sue Barclays on a set of facts
2    and now all of a sudden on exactly the same facts, no change,
3    say that all these individuals are required to be in it.
4              I will tell you how.  It was in order to get it to try
5    to be transferred to the bankruptcy court which has nothing to
6    do with anything.  It does not arise out of the bankruptcy, and
7    I would agree with your Honor, and I would say that you do not
8    have that jurisdiction and we, by the way, have asked not only
9    to dismiss, but asked for permission to file a motion for
10   sanctions.
11             THE COURT:  Thank you.
12             MR. BLANCHETT:  We just appeared in this matter
13   yesterday and our time to answer hasn't come yet.  We have not
14   yet requested permission from the court to file a motion to
15   dismiss, although we would like to do that.
16             Our position is essentially the same, which is the
17   allegation against my client, Mr. Davis, is simply that he was
18   chairman of the law firm, period, full stop.  That is the only
19   allegation in the complaint that is specific to my client, and
20   it seems like it is a litigation tactic to gain advantage of
21   the litigation in the U.K.
22             On the jurisdiction, I agree with you it is a
23   potentially sticky issue.  I am not prepared to take a position
24   on it here, but our position is that the lawsuit against my
25   client is frivolous.

1                THE COURT:  Any other counsel?

2                MR. MICHAELSON:  I agree with your Honor that there is

3    a threshold issue here regarding jurisdiction, and it has

4    shifted over time.  In the initial complaint which was filed

5    solely against Barclays, the jurisdiction sought was diversity.

6    That lawsuit made sense in a sense that what is at issue here

7    is truly a dispute between the plaintiff and Barclays over the

8    loan that Barclays made to plaintiff for the purpose of finding

9    this capital contribution to the firm.

10               That loan was made in 2010.  The firm goes under.

11   Barclays is trying to receive that payment back, to be made

12   whole on the loan that it issued to the plaintiff.  The

13   plaintiff is not only the former partner of the firm that owes

14   Barclays money, but there are a number of other partners

15   Barclays is proceeding against.

16               As a British bank that enters into these loan

17   agreements that provide for U.K. law and U.K. courts, consent

18   to jurisdiction in the U.K. courts, has filed a number of

19   lawsuits that are related.  There are five now pending in the

20   U.K. courts, and the dispute with the plaintiff is one of those

21   five.  Those cases are proceeding.

22               What is happening here appears to be an attempt to

23   forestall the judgment day that is coming in the U.K.

24   proceedings.  It started with a diversity action against

25   Barclays.  The amended complaint added the individual

1    defendants which destroyed diversity.  He is now seeking
2    jurisdiction under the bankruptcy statute.
3            The core dispute here between Barclays and Mr.
4    McMillan does not arise in bankruptcy, doesn't relate to
5    bankruptcy.  It is a loan we provided, the bank provided to the
6    individual, and it was trying to get that loan paid back.
7    Anything that happens beyond that, that may relate to the other
8    individual defendants, I will let them explain their defense is
9    derivative of the core dispute here.
10           MS. LERNER:  Your Honor, Caren Lerner.
11           I agree with your Honor that the question as to
12   whether the court should abstain or stay or dismiss this action
13   is premised under being some sort of underlying jurisdiction
14   under 1334 (b).  I don't think there is any contention that
15   this is a core proceeding, and it doesn't invoke substantive
16   rights under the federal bankruptcy law or a claim that would
17   be capable of being in existence absent the bankruptcy estate.
18           At most I heard plaintiff's counsel state that this is
19   related to jurisdiction having any conceivable effects.  Any
20   facts, if any, are so tenuous as not to support jurisdiction
21   under 1334 (b), or even if there is any possible effect in the
22   case, it will be because we happen to support two exercises,
23   equitable extension or even mandatory extension.
24           There is something going on repeatedly in plaintiff's
25   counsel lumping together all of the individual defendants in a

1   statement that all the individual defendants filed proofs of
2   claim of duty and asking to be indemnified.  Our client has not
3   done so.  Whatever arguments were made in the Northern District
4   of California case, our client was not a party to those
5   actions.
6            THE COURT:  Is there anything else from plaintiff in
7   response?  I am not going to make an ultimate determination on
8   this.  It seems to me as a practical matter, since the parties
9   wish to file motions, we should deal with the issue of
10  jurisdiction and abstention before dealing with anything else.
11           Does plaintiff's counsel have anything else to add?
12           MR. FRITZ:  No.  I agree that is the proper way to
13  proceed, to deal with that issue first and take it from there.
14           THE COURT:  Why don't we have, since I suppose this is
15  the defendant's motion, a motion to dismiss for lack of subject
16  matter jurisdiction, or in the alternative, a motion for
17  mandatory abstention or discretionary abstention.  Let's have
18  the defendants file their moving papers first.
19           I assume all the defendants are going to be making a
20  similar motion?
21           MR. BASSEN:  Yes.
22           MR. FRITZ:  I disagree.  This would be my motion to
23  have it removed to the bankruptcy court.  The only request the
24  defendants want to do, if it was going to stay here, to stay it
25  pending the U.K. proceeding or dismiss it.  They didn't make

1    any request to remove it to bankruptcy court.
2             THE COURT:  You are making a motion to refer it to the
3    bankruptcy court?
4             MR. FRITZ:  Right.
5             THE COURT:  Again it seems before I can, before I can
6    do anything, I have to have jurisdiction.  Obviously once we
7    get past that issue -- if, in fact, I have jurisdiction and I
8    am not required to abstain, and if I am permitted to abstain,
9    but I choose not to abstain -- then we can deal with those
10   other issues.  Let's have the defendants file their motion.
11   Could the defendants file their motion in a month?
12            MR. BASSEN:  Sure.
13            THE CLERK:  May 28th.
14            THE COURT:  Let's give the plaintiff a month to
15   respond.
16            THE CLERK:  June 28th.
17            THE COURT:  And two weeks for a reply.
18            THE CLERK:  July 12th.
19            MR. BASSEN:  Excuse me.  Would this put off the
20   pretrial proceedings?  You had sent it to the magistrate for
21   discovery and all of that.
22            THE COURT:  Yes, yes.
23            MR. BASSEN:  We can have that put off?
24            THE COURT:  We'll stay discovery while this is process
25   is pending.

```
D4QJMCMC                       Conference
```

1          MR. BASSEN:  Thank you.
2          THE COURT:  Is there anything else from plaintiff
3    today?
4          MR. FRITZ:  No.  I believe that is it.
5          THE COURT:  Is there anything else from any of the
6    defendants today?
7          MR. MICHAELSON:  No, your Honor.
8          MR. BLANCHETT:  Just as a housekeeping matter, we were
9    going to file a letter or serve a letter to ask permission in
10   court to file the motion to dismiss.
11         THE COURT:  That is not necessary.  Thank you.  Thank
12   you, all.
13         (Court adjourned)
14
15
16
17
18
19
20
21
22
23
24
25