UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
L. LONDELL MCMILLAN,          :
                              :
        Plaintiff,            :   No. 13-CV-1095 (ALC)(DF)
                              :
    v.                        :
                              :
BARCLAYS BANK PLC, STEVEN H.  :
DAVIS, STEPHEN DICARMINE,     :
JOEL I. SANDERS, FRANCIS J.   :
CANELLAS, et al.,             :
                              :
        Defendants.           :
-------------------------------------------------------X

**DEFENDANT FRANCIS J. CANELLAS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE AMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE
<u>ALTERNATIVE, UNDER DISCRETIONARY ABSTENTION</u>**

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Ronald C. Minkoff, Esq.
Caren E. Lerner, Esq.
488 Madison Ave., 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
rminkoff@fkks.com
cdecter@fkks.com

*Attorneys for Defendant Francis J. Canellas*

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Ins. Co. v. CitiMortgage, Inc.*,
   No. 11-CV-1927, 2012 WL 967582 (S.D.N.Y. Mar. 13, 2012) ......................................... 3, 4, 5

*Fried v. Lehman Bros. Real Estate Associates III, L.P.*,
   11 CIV. 04141 LGS, 2013 WL 2359493 (S.D.N.Y. May 30, 2013) ........................................ 6, 7

*In re Adelphia Communications Corp.*
   298 B.R. 49 (S.D.N.Y. 2003) ...................................................................................................... 4, 7

*In re CPW Acquisition Corp.*,
   08-14623, 2011 WL 830556 (Bankr. S.D.N.Y. Mar. 3, 2011) ................................................ 3, 6

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*,
   04 CIV. 708, 2004 WL 1048239 (S.D.N.Y. May 7, 2004) ....................................................... 3, 5

**STATUTES**

28 U.S.C. § 1334 ....................................................................................................................... 6, 7

28 U.S.C. § 1334(b) ................................................................................................................... 1, 7

28 U.S.C. § 1334(c)(1) ........................................................................................................... 1, 2, 6

28 U.S.C. § 1367(c)(2) ..................................................................................................................... 8

Defendant Francis J. Canellas ("Canellas") respectfully submits this reply memorandum of law in further support of his motion to dismiss the Amended Complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1334(b), or in the alternative, as an exercise of discretionary abstention under 28 U.S.C. § 1334(c)(1). To avoid unnecessary duplication, Canellas joins, and incorporates herein by reference, the arguments contained in defendant Barclays Bank PLC's ("Barclays") reply brief in further support of its motion to dismiss and/or abstain (the "Barclays Brief") to the extent those arguments are relevant to him, except insofar as the Barclays Brief argues that the U.K. court would have jurisdiction over Canellas in Barclays's first-filed action against Plaintiff.[1]

## PRELIMINARY STATEMENT

This is a prime example of the tail wagging the dog. This is a dispute between Plaintiff, a former partner of Dewey & LeBoeuf LLP ("Dewey"), and Barclays that has nothing to do with the Dewey bankruptcy. It instead concerns the enforceability of a loan agreement pursuant to which Plaintiff borrowed $540,000 to fund his capital contribution to Dewey. Even if this Court or the Bankruptcy Court has subject matter jurisdiction – which it does not – this is a case where discretionary abstention is warranted. Barclays already has a first-filed action against Plaintiff in England (the "U.K. Action") that will promptly resolve this dispute. If the U.K. court finds that the Loan Agreement is unenforceable, because of the alleged fraud perpetrated by the Individual Defendants[2] or for some other reason, Plaintiff's claims here against the Individual Defendants

---

[1] If the Court considers the issue of U.K. jurisdiction over Canellas to be significant, we respectfully request additional time to make a brief submission on that subject. However, because Plaintiff's claims against Canellas are really just defenses to Barclays's claims against him, he can certainly assert his allegations as such in the U.K. action without having to join Canellas as a party there.

[2] The term "Individual Defendants" refers to defendants Canellas, Stephen Davis, Stephen DiCarmine and Joel Sanders.

will become moot (as Plaintiff will have suffered no damages) and this action will have no effect on Dewey's bankruptcy. If, on the other hand, the U.K. court finds that the Loan Agreement is enforceable and Plaintiff chooses to pursue his claims against the Individual Defendants here, then Plaintiff's claim *still* may have no effect on the bankruptcy, since Plaintiff's claims may be barred by collateral estoppel or *res judicata*. At the very least, to have any effect on Dewey's bankruptcy at all, Plaintiff will have to establish his far-fetched claim that the Individual Defendants defrauded him into signing the Loan Agreement and/or transmitted it without his authorization. These claims are particularly attenuated as to Canellas, as Plaintiff does not allege a single interaction that they had with one another.

Plaintiff's Amended Complaint should instead be seen for what it is: a thinly-veiled attempt to circumvent the U.K. Action (and the U.K. consent-to-jurisdiction provision in the Loan Agreement) and to manufacture jurisdiction here by dragging Canellas and the other Individual Defendants into Plaintiff's dispute with Barclays. This obvious forum-shopping should not be countenanced. The Court should take the most efficient step, and the step most likely to preserve assets in the Dewey bankruptcy: abstain from exercising jurisdiction so that Plaintiff will be required to litigate this dispute in the UK, as he agreed.

## ARGUMENT

### I.   DISCRETIONARY ABSTENTION IS WARRANTED

Even assuming that this Court has subject matter jurisdiction over Plaintiff's claims – which it does not, as addressed in Point II below – this Court should abstain pursuant to 28 U.S.C. § 1334(c)(1) from exercising such jurisdiction given the remoteness of any conceivable effect this dispute will have on the Dewey bankruptcy. There are twelve non-exclusive factors that courts consider in determining whether to exercise discretionary abstention:

2

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficult or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11-CV-1927, 2012 WL 967582, at *6 (S.D.N.Y. Mar. 13, 2012). The vast majority of these factors weigh strongly in favor of abstention.

### A. Factors 1 & 6: Relatedness To, and Effect on the Efficient Administration of, the Dewey Bankruptcy

Because Dewey's confirmed bankruptcy plan calls for liquidation, rather than reorganization, factors 1 and 6 weigh in favor of abstention. *See Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 04 CIV. 708, 2004 WL 1048239, at *4 & 6 (S.D.N.Y. May 7, 2004) (factors favored abstention because administration of liquidated estate "does not involve the complexities of overseeing a company in reorganization"; claims "will have to be resolved and either denied or reduced to a liquidated amount before there can be any effect on the bankruptcy estate"; and state-law claims do not involve questions of bankruptcy law); *In re CPW Acquisition Corp.*, 08-14623, 2011 WL 830556, at *6 (Bankr. S.D.N.Y. Mar. 3, 2011) ("abstention would not amount to abdication of any necessary role in the administration of the estate [where a] plan has already been confirmed").

Plaintiff, however, argues that abstention is unwarranted because the Individual Defendants' use of the proceeds of Dewey's applicable D&O policies (the "D&O Policies"), which they claim are estate assets, to fund their defense will negatively affect the Dewey

3

bankruptcy estate and its creditors. Plaintiff, however, cannot dispute that the insurer's cost of defending against Plaintiff's $540,000 claim will have no more than a *de minimis* effect on Dewey's post-confirmation, multi-million dollar bankruptcy estate, which has $50 million in D&O coverage.[3] *See Allstate*, 2012 WL 967582, at *6 (fact that "Defendants have indemnification rights [from bankrupt company] for only a minute portion of the" mortgages at issue favors absention). And any impact on the estate will be minimized further if Plaintiff is forced to litigate it in the first-filed U.K. Action, as he agreed—a proceeding in which the Individual Defendants are not even parties.

Indeed, Plaintiff's position smacks of jurisdiction manufacturing. Barclays sued Plaintiff to enforce the Loan Agreement. Plaintiff then brought in Canellas and the other Individual Defendants claiming the Loan Agreement was induced by fraud and/or transmitted to Barclays without Plaintiff's authorization. This is more a defense disguised as a claim. But Plaintiff goes a step further: he contends that because some of the other Individual Defendants filed general proofs of claim for indemnification in the bankruptcy, Canellas, who filed no such proof of claim, should be subjected to bankruptcy jurisdiction also. The fact that Plaintiff is pressing far-fetched claims against the Individual Defendants and forcing them to incur defense costs should not justify this Court's exercise of jurisdiction, particularly given Canellas' attenuated connection to the bankruptcy. Therefore, factors 1 and 6 support abstention.

---

[3] Plaintiff makes noises about how the impact on the insurance policies will affect "Dewey's legions of creditors." Opp'n at 8. But the D&O Policy is not an asset of the estate, because Dewey has not advanced any payments for which it would be entitled to indemnification coverage from the insurer. *In re Adelphia Communications Corp.* 298 B.R. 49, 53 (S.D.N.Y. 2003). Moreover, there is no evidence that "legions of creditors" have claims that implicate the D&O Policy.

4

### B.  Factor 2: State Law Issues Predominate

Contrary to Plaintiff (Opp'n at 12), the fact that Plaintiff is forcing the Individual Defendants to incur defense costs and draw on the D&O Policies does not mean that federal issues predominate over state law issues. There is nothing about Plaintiff's garden-variety state law claims in this loan agreement case that involves an application of federal law, much less bankruptcy law. And again, the indemnification issues come into play only in the remote scenario that Plaintiff is both found liable on the Loan Agreement and establishes liability as to some or all of the Individual Defendants. Accordingly, this factor weighs in favor of abstention. *See Allstate*, 2012 WL 967582, at *7; *Kerusa*, 2004 WL 1048239, at *5.

### C.  Factors 7 & 8: This is Not a "Core" Proceeding

There is no merit to Plaintiff's baseless assertion that this is a "core" proceeding because it relates to the "allowance or disallowance of claims." *See* Opp'n at 15. First, it is undisputed that Canellas has not filed a proof of claim in Dewey's bankruptcy for indemnification in this matter or any other. Nor is there any dispute that he is covered by the insurance policies. With respect to the remaining Individual Defendants, this case is not about whether their proofs of claim for indemnification should be allowed or disallowed in Dewey's bankruptcy. It is about Plaintiff's dispute with Barclays, and whether the Loan Agreement should be enforced. Thus, these factors favor abstention. *See Kerusa*, 2004 WL 1048239, at *6 (ordinary state-law actions not involving questions of bankruptcy law are not core proceedings, especially where "the bulk of the matters . . . [in this dispute] have nothing to do with the bankruptcy at all").

### D.  Factors 4 & 9: The First-Filed U.K. Action and the Burden on this Court

These factors favor abstention, because Plaintiff has consented to jurisdiction in the U.K., and the U.K. Action will promptly resolve Plaintiff's dispute with Barclays under the Loan

5

Agreement.[4] *See In re CPW*, 2011 WL 830556, at *6 (extending 28 U.S.C. § 1334(c)(1) to foreign proceedings under the doctrine of international comity). Plaintiff admits that his claims against Barclays and the Individual Defendants here "arise from the same set of operative facts" as the U.K. Action. *See* Opp'n at 8. Indeed, if Plaintiff's so-called claims against the Individual Defendants – which are actually defenses to Barclays's claims on the Loan Agreement – are decided against him in the U.K., he will be bound by collateral estoppel here. Accordingly, abstaining in favor of the prior-filed U.K. Action will promote judicial efficiency.

### E.  Factor 10: Plaintiff's Forum Shopping

Plaintiff filed this action against Barclays in an apparent attempt to circumvent the U.K. Action and the Loan Agreement's consent-to-jurisdiction provision. By his Amended Complaint, Plaintiff attempted to create bankruptcy jurisdiction by bringing the Individual Defendants into his dispute with Barclays. Plaintiff's forum-shopping weighs in favor of abstention. Though Plaintiff claims that it is *Barclays* that is engaged in forum-shopping (Opp'n at 14-15), this head-scratcher argument seeks to blame Barclays for enforcing the consent-to-jurisdiction provision to which Plaintiff agreed, and of course does not address Plaintiff's own motives for joining the Individual Defendants as parties rather than simply using them as witnesses in the U.K. Action.[5]

---

[4] We understand that Plaintiff's jurisdictional and *forum non conveniens* defenses have been rejected in the U.K. Action.

[5] To avoid repetition, we will rely on the Barclays Brief to address Plaintiff's arguments as to why the consent-to-jurisdiction clause should be ignored and Barclays forced to litigate its claims in the U.S. *See* Opp'n at 12-14.

**F.     Factor 5: There is No Jurisdictional Basis Other Than 28 U.S.C. § 1334**

Because there is no jurisdictional basis other than 28 U.S.C. § 1334, this factor favors abstention. *See Fried v. Lehman Bros. Real Estate Associates III, L.P.*, 11 CIV. 04141 LGS, 2013 WL 2359493, at *6 (S.D.N.Y. May 30, 2013).

**G.     Factor 12: The Debtor is Not a Party to this Action**

Dewey (the debtor) is not a party to this action. This factor weighs in favor of abstention. *See Fried*, 2013 WL 2359493, at *6.

**II.     THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST CANELLAS UNDER 28 U.S.C. § 1334.**

Plaintiff's claims against Canellas will not directly affect the *res* of the Dewey bankruptcy estate. As explained above, if a U.S. or the English court finds that the Loan Agreement is unenforceable, Plaintiff's remaining claims against the Individual Defendants will become moot (as Plaintiff will have suffered no damages) and this action will have no effect on the Dewey bankruptcy estate. If, on the other hand, a U.S. or U.K. court finds that the Loan Agreement is enforceable, any claims Plaintiff may have, based on his current pleading and assuming he can avoid a collateral estoppel bar, will be against the Individual Defendants personally, not against the Dewey bankruptcy estate.

Plaintiff's argument that the Individual Defendants' use of the proceeds of the D&O Policies to fund their defense against Plaintiff's claims negatively affects Dewey and its creditors, thereby creating "related to" jurisdiction under Section 1334(b), is so attenuated that it suggests these defendants were added to manufacture jurisdiction. Furthermore, Plaintiff cites no case that disputes the holding in *In re Adelphia Communications Corp.* that the proceeds of a D&O policy are not property of a debtor's estate, where, as is the case here, the debtor has not advanced any payments for which it would be entitled to indemnification coverage from the insurer. 298 B.R. at 53.

7

Finally, if the Court finds there is subject matter jurisdiction as to the claims against Canellas, it should decline to exercise supplemental jurisdiction over him, as the claims involving the enforcement of the Loan Agreement predominate over any claims involving the other Individual Defendants – claims which are just mirror-images of Plaintiff's defenses to the Loan Agreement. *See* 28 U.S.C. § 1367(c)(2). If these state-law claims are to be litigated in the U.S. at all, they should be litigated in state court.

## CONCLUSION

For the foregoing reasons, Canellas respectfully requests that this Court dismiss the Amended Complaint for lack of subject matter jurisdiction or, in the alternative, decline to exercise jurisdiction under discretionary abstention.

Dated: New York, New York
July 12, 2013

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/ Ronald C. Minkoff
Ronald C. Minkoff
Caren E. Lerner

488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
rminkoff@fkks.com
cdecter@fkks.com

*Attorneys for Defendant Francis J. Canellas*

8