# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH 212.446.2300 • FAX 212.446.2350

August 6, 2013



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-13-13

**VIA PDF E-MAIL**

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:  *McMillan v. Barclays Bank PLC*, No. 13-CV-1095 (ALC) (DF); Copy of Order and Transcript from July 12, 2013 Hearing in English Proceeding

Dear Judge Carter:

On behalf of defendant Barclays Bank PLC, attached please find the July 12, 2013 Order of Justice Popplewell of the English commercial court in *Barclays Bank PLC v. L. Londell McMillan*, Claim No. 2012 Folio 1619, and a court-approved transcript of the judgment.

Respectfully Submitted,

Andrew Z. Michaelson

Enclosures

# Attachment 1

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

The Honourable Mr Justice Popplewell

12 July 2013

BETWEEN:

Claim No. 2012 Folio 1619



ORDER MADE IN PUBLIC

BARCLAYS BANK PLC

Claimant

-and-

L LONDELL McMILLAN

Defendant

## ORDER

**UPON** the application of the Defendant, challenging the jurisdiction of the Court and seeking to set aside the claim, made by Application Notice dated 18 February 2013 ("the Defendant's Application")

**AND UPON** the hearing of the Defendant's Application having been listed for 10 May 2013 and the Defendant having sought its adjournment

**AND UPON** the Order of Mr Justice Teare dated 9 May 2013 making provision for the adjournment of the Defendant's Application and for costs thrown away by that adjournment

**AND UPON** the relisting of the Defendant's Application for 12 July 2013

**AND UPON** the Defendant's acceptance that the Court has jurisdiction as contended by the Claimant

**IT IS ORDERED THAT:**

1   The Defendant's Application be dismissed.

2   The Defendant do by 26 July 2013 file a further acknowledgment of service.

3    The Defendant do file and serve a Defence (if any) by no later than 4 pm on 26 July 2013.

4    The Defendant do pay in any event the costs ordered to be summarily assessed pursuant to paragraph 3 of the Order of Mr Justice Teare dated 9 May 2013 and the Claimant's costs of the Defendant's Application summarily assessed on the indemnity basis in the sum of £40,222.22.

5    The Defendant do pay the amount in paragraph 4 above to the Claimant by 4 pm on 26 July 2013.

Claim No. 2012 Folio 1619

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

BETWEEN

**BARCLAYS BANK PLC**

Claimant

-and-

**L LONDELL MCMILLAN**

Defendant

ORDER

TLT LLP
20 Gresham Street
London
EC2V 7JE
Ref: RC07/082931/000011

13197714.1               3

# Attachment 2

Neutral Citation Number: [2013] EWHC 2435 (Comm)

Claim No: 2012 Folio 1619

**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**

Royal Courts of Justice
Strand,
London WC2A 2LL

Friday, 12 July 2013

BEFORE:

**MR JUSTICE POPPLEWELL**

- - - - - -

BETWEEN:

**BARCLAYS BANK PLC**

Claimant

- and -

**L LONDELL McMILLAN**

Defendant

- - - - - -

MR A ZELLICK (instructed by TLT LLP) appeared on behalf of the Claimant.

MR D PICCININ (instructed by Ross & Co Solicitors) appeared on behalf of the Defendant.

- - - - -

**Approved Judgment**
Court Copyright ©

- - - - - -

Digital Transcript of Wordwave International, a Merrill Corporation Company
165 Fleet Street, 8th Floor, London, EC4A 2DY
Tel No: 020 7421 4046   Fax No: 020 7422 6134
Web: www.merrillcorp.com/mls     Email: mlstape@merrillcorp.com
(Official Shorthand Writers to the Court)

No of Folios: 8
No of Words: 588

Friday, 12 July 2013

## JUDGMENT

MR JUSTICE POPPLEWELL:

1. The Defendant issued an application to challenge the jurisdiction, which he has chosen not to pursue. The only issue remaining is costs. The Claimant Bank seeks an order that it should recover the costs of the application on an indemnity basis and that they should be summarily assessed and paid now within a short period of time. In my view, it is clearly appropriate to deal with costs now and to award the Claimant its costs of the application, and it is plainly appropriate that they should be assessed now summarily and that the Defendant be ordered to pay them now, rather than for them to await detailed assessment. This is a discrete application which was issued and has now not been pursued. The Court is in as good a position now to assess the costs as it will ever be, and the amount of costs involved is such as to make it suitable for a summary assessment.

2. It is also, in my view, appropriate that the costs should be assessed on an indemnity basis. There are two reasons for that. First, the grounds for challenging jurisdiction, which have now been abandoned, were, in my view, always misconceived. The legal flaws in them were addressed by the Bank's solicitors in correspondence, but the Defendant refused to engage with them on their merits and refused to withdraw the application until his first indication that he was prepared to do so on 3 July. Even at that stage, there was no offer to pay the Bank's costs of the application other than the costs thrown away by the adjournment.

3: The second reason why it is appropriate to assess costs on an indemnity basis is that the Defendant's conduct of the application has been unreasonable. I do not propose to set out the entire history, but the Defendant has commenced proceedings in New York, in breach of the jurisdiction clause in the loan agreement, and meanwhile the current application has been dealt with by behaviour which has been characterised by delay and procrastination, giving rise to the inference that it was simply an attempt to string matters out without engaging on the substance of the jurisdictional dispute, either on its merits prior to 3 July, or indeed on the assessment and payment of the Bank's costs since that date.

4. Turning to the two schedules of costs, Mr Piccinin has failed to persuade me that there is anything either unreasonable or disproportionate about any of the costs in either schedule, and accordingly I will assess the costs as the total of the two figures, i.e. £30,278,90 and £9,943.32.