# FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone:   (212) 980-0120
Facsimile:   (212) 593-9175

Ronald Minkoff
Direct dial:   (212) 705-4837
e-mail:   rminkoff@fkks.com

December 10, 2013

**VIA EMAIL AND ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

      Re:    *McMillan v. Barclays Bank PLC, et al.*, 13-CV-1095(ALC)(DF)

Dear Judge Carter:

      We represent Francis Canellas in the above-captioned matter. We write in response to the letter filed by plaintiff L. Londell McMillan on December 9, 2013. Plaintiff's letter argues that the Adversary Complaint filed by Dewey & LeBoeuf's ("Dewey") liquidating trustee against Plaintiff, dated December 2, 2013 (the "Adversary Complaint") is "significantly related" to this lawsuit and thus further supports his request for this matter to be referred to the bankruptcy court. Plaintiff is wrong.

      McMillan, a former Dewey partner, filed this action against Barclays Bank PLC ("Barclays") in an apparent attempt to circumvent a proceeding that Barclays had commenced against him in the High Court of Justice, Queen's Bench Division, Commercial Court, England, to enforce the terms of a June 2010 Loan Agreement (the "Loan Agreement") pursuant to which McMillan borrowed $540,000 to fund his capital contribution to Dewey (the "English Proceeding"). On April 3, 2013, perhaps realizing that his mirror-image complaint against Barclays violated the "first to file" rule, McMillan amended his complaint to bring in the four Dewey employees, including Canellas (the "Dewey Defendants"), and asserted state law claims for breach of fiduciary duty, fraud and negligent representation against them.

      As set forth in our client's briefs in support of the pending motion to dismiss for lack of subject matter jurisdiction, this action is wholly unrelated to Dewey's bankruptcy. The filing of an adversary proceeding against Plaintiff does not alter this conclusion. The Adversary Complaint seeks recovery and repayment of distributions and personal income tax payments made to Plaintiff between 2009 and 2012 under a fraudulent transfer theory. This lawsuit, like the first-filed English Proceeding, hinges on an entirely unrelated issue: whether McMillan owes a debt to Barclays personally under the Loan Agreement. Indeed, if the U.K. court or this Court

FRANKFURT KURNIT KLEIN & SELZ PC

Hon. Andrew L. Carter, Jr.
December 10, 2013
Page -2-

agrees with Plaintiff and rules that the Loan Agreement is unenforceable, Plaintiff's claims against the Dewey Defendants will become moot.

Accordingly, we respectfully request that the Court disregard Plaintiff's December 9th letter and dismiss Plaintiff's Amended Complaint against Mr. Canellas.

Respectfully submitted,

Ronald Minkoff

cc: All parties (via email and ECF)
Hon. Debra Freeman (via facsimile)